**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**CIN-Q AUTOMOBILES, INC.,
individually and as the representative of
a class of similarly-situated persons,**

    **Plaintiff,**

v.                                            Case No.  8:11-cv-1502-T-30AEP

**MICHAEL WAYNE CLEMENT,
doing business as FaxQom.com,**

    **Defendant.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Plaintiff's Motion for Entry of Final Judgment after Default against Defendant (Dkt. 12). The Court, having reviewed the motion, affidavits filed in support of same, and being otherwise advised in the premises, concludes that the motion should be granted in part.

Plaintiff filed this action under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), on behalf of itself and all other persons similarly situated premised on Defendant's practice of faxing unsolicited advertisements. The TCPA prohibits a person or entity from sending to a facsimile machine, whether directly or through an agent, commercial advertisements without the recipient's prior express invitation or permission. The TCPA

provides a private right of action, and provides statutory damages of $500 per violation, with a possible trebling of the damages for an intentional violation.

On September 8, 2011, the Clerk entered a default against Defendant Michael Wayne Clement (Dkt. 9) for his failure to appear. On January 24, 2012, Plaintiff filed the instant motion for entry of final judgment against Clement. Plaintiff's motion seeks damages of $444,715,000 as a result of Clement's violations of the TCPA. This number is based on alleged unsolicited faxes sent to Plaintiff and other unidentified persons of 593,430 in July 2009 and 296,000 in August 2009 (Dkt. 1).

Upon the Court's review of the complaint's well-pleaded allegations, the exhibits attached to same, and the instant motion, including the related affidavits, the Court concludes that Plaintiff is entitled to only $500 in damages. The record reflects that on August 19, 2009, Plaintiff received a one-page facsimile from Defendant, which Plaintiff did not invite. With respect to the remaining unsolicited facsimiles, Plaintiff does not identify who they were sent to and whether they were uninvited or sent without permission. Plaintiff also does not state whether these other unidentified persons had a commercial relationship with Defendant or the Tampa Bay Buccaneers at the time the facsimile was sent to them. Accordingly, the purported damages with respect to these unidentified persons are too speculative.[1]

---

[1] The Court also notes that the purported class was not approved and Plaintiff does not cite to any authority that would allow it to receive an award of damages on behalf of the purported class upon a final default judgment.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Motion for Entry of Final Judgment after Default against Defendant (Dkt. 12) is granted in part.

2. The Clerk shall enter Final Judgment in favor of Plaintiff and against Defendant in the amount of $500.00. This amount shall accrue interest at the current statutory rate.

3. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Tampa, Florida on January 26, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2011\11-cv-1502.mtfinaljudg12.frm